## CHAPMAN DECORATIVE CO. v. SECURITY MUT. LIFE INS. CO.

(Circuit Court, S. E. D. Pennsylvania. June 22, 1906.)

### No. 23.

DAMAGES—LIQUIDATED DAMAGES AND PENALTIES—CONSTRUCTION OF STIP-
ULATION.

A provision of a building contract reciting that in case of delay in
the completion of the building the damages sustained by the owner will
be difficult of computation, and that it is therefore agreed that the con-
tractor shall pay a stated sum per day for the time which may elapse
after a date fixed before the completion of the building as liquidated
damages, where it is shown that in fact the damages actually sustained
by the owner by reason of the delay cannot be calculated, will be con-
strued as one for liquidated damages, and not for a penalty, and so
enforced.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§
164, 167.]

At Law. On motion for new trial.

Charles A. Chase and Reynolds D. Brown, for plaintiff.
Thomas Earle White, for defendant.

HOLLAND, District Judge. This is a suit on a building contract.
It was tried in this court, and a verdict rendered April 16, 1906, in
favor of the plaintiff for the sum of $18,495.06. A motion and reasons
for a new trial were filed in due time by the plaintiff, which raised, as
tersely stated by the plaintiff's counsel, three main grounds or rea-
sons why a new trial should be granted, viz.:

"(1) That at the outside the $50 a day clause should only have been en-
forceable until the date of substantial completion, and not until the date
when the work was accepted by the defendant."

The court was requested by the plaintiff, in its first point submitted,
to instruct the jury that in no event could liquidated damages of $50 a
day be allowed to the defendant beyond the date when the work under
the contract was substantially completed by the plaintiff. The court
added "and accepted by defendant," and in this shape affirmed the prop-
osition, so that the jury were instructed that it was not only necessary
to substantially complete the work, but that it was necessary that it
should be accepted as substantially completed by the defendant. If we
were to assume that the court was wrong in instructing the jury that it
was necessary that the building should be accepted by the defendant
after it had been substantially completed, the plaintiff was not injured
by this instruction, for the reason that the plaintiff made no claim that
the building was completed before the 23d day of August, the date upon
which the plaintiff claims the defendant accepted the building, and this
was the date fixed by the plaintiff's secretary, Mr. Biddle; and con-
siderable evidence, both direct and substantial, was offered to establish
the fact that upon this date the acceptance occurred, and Mr. Biddle
also testified, and was corroborated by other witnesses, that the build-
ing was completed on that date. At the argument, however, counsel for
the plaintiff claimed that it was substantially completed on July 8th.
There is no evidence in this case sufficient to support such a finding.

The only evidence there is in the case with reference to this latter date is by the witness Josiah Whittacamp, on page 180, where he says that, with the exception of a number of things necessary to do on the marble work, it was "practically finished" on the 8th day of July, but he also says (on page 181) that he was there on "this job" until about the middle of August, and the witness Otto Heyline testified (on page 186) that he did not go to Binghamton until the last week in July to do the decorating on the ceiling of the eighth floor, and did not finish that work until in August; so that the plaintiff's own evidence fixes the time of acceptance at the time of completion. There was, therefore, no injury done the plaintiff by the instruction of which it complains, because, if the defendant is entitled to a per diem amount as liquidated damages fixed by the contract, it is entitled to this amount up to the time of the substantial completion; and, as this was coincident with the time the plaintiff claims the defendant accepted the building, it could not be injured.

"(2) That the clause in article 11 constituted a penalty, and not liquidated damages."

The clause is as follows:

"It is mutually agreed and understood that in the event of said interior finish herein contracted for not being entirely finished on or before the 15th day of March, 1905, that the actual damages sustained by the owner will be difficult of computation; therefore it has been agreed, and hereby is agreed, by and between the parties hereto that in the event of the failure of said contractor to have all of said interior finish of main entrance and eighth floor completed on or before the 15th day of March, 1905, there shall be due and payable, and said contractor shall pay, to the said owner the just and full sum of $50 per day for each and every day after March 15, 1905, that the same or any part thereof remains unfinished and incomplete, and that said sum is hereby agreed upon as liquidated damages."

This building of the defendant company was a large office building, and was being erected for its own use and for that purpose. At that time there was a large building, of the same kind and for similar purposes, being erected in this town by another company. The defendant had made contracts of rental with tenants, who were permitted to occupy the building without rent until it was finished. How many more prospective tenants deferred moving in because of the unfinished condition of the building and the number the defendant company lost by reason of the delay cannot be calculated; in other words, there was such a condition of affairs that it would "be difficult of computing" the damages, and the provision of this clause expressly stipulated that the sum of $50 should be liquidated damages. The jury were so instructed, and found that the delay was 161 days, for which they allowed a set-off at the rate of $50 per day against plaintiff's claim. In this the court is convinced the instructions were proper, and the verdict of the jury right.

"(3) That, even if it is properly interpretable as liquidated damages, nevertheless, under the evidence, the delay was due, in part, at least, to the act of the defendant, and that therefore the clause falls, and the jury should only have been permitted to deduct such actual damages, if any, as the defendant could prove."

The plaintiff at the trial substantially requested the court to instruct the jury to this effect. It was refused, because there was no evidence to submit to the jury that the plaintiff was delayed in the work by the defendant, but, upon the other hand, the evidence of the plaintiff was overwhelming to the effect that, whenever there was any request made to the defendant to prepare the building or the part of the building where the plaintiff intended to work, it was immediately done, and in no case was the plaintiff delayed by reason of any obstruction placed in its way in the performance of its contract by the defendant, and, even if there had been any delay caused by the defendant, there is a provision in the contract by which the plaintiff could have procured an extension of time for completion, and it would be compelled to show that it had complied with the terms of this provision before it could now be heard to complain that it had been delayed by reason of any obstruction placed in its way by the defendant; but there is neither evidence to show that it was delayed by the defendant, nor a request made for an extension of time, so that the point raised in the third proposition of the plaintiff was not at all applicable to the facts in this case, and the court is not required to instruct the jury on abstract propositions of law, which have no application to the facts before them.

New trial refused.